

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-2-2005

# Carr v. Elizabeth

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4613

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Carr v. Elizabeth" (2005). *2005 Decisions.* Paper 1520.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1520

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 03-4613

WILLARD DALE CARR,

Appellant

v.

BOROUGH OF ELIZABETH

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No.: 03-CV-0951
District Judge: The Honorable Arthur J. Schwab

Submitted Pursuant to LAR 34.1(a)
January 21, 2005

Before: ALITO, McKEE, and SMITH, *Circuit Judges*

(Filed:   February 2, 2005)

OPINION OF THE COURT

SMITH, *Circuit Judge*.

After the Borough of Elizabeth hired two full-time police officers without

notifying part-time police officer Willard Dale Carr that positions were available, Carr

claimed that the Borough violated the Age Discrimination in Employment Act

("ADEA"), 29 U.S.C. § 623. The Borough filed a motion to dismiss, contending that subject matter jurisdiction was lacking because the Borough did not have the requisite twenty employees to make it an employer for purposes of the ADEA. *See* 29 U.S.C. § 630(b). At the time the Borough filed its motion, the question of whether the employee threshold for an employment discrimination claim is a jurisdictional prerequisite was unsettled in this Circuit. *See Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003) (listing cases). The majority of the circuits, however, had by then held that the employee threshold was a jurisdictional requirement. *Id.* at 78. The District Court followed the majority's approach, treating the Borough's submission as a Rule 12(b)(1) motion.

Consistent with the standard for resolving a Rule 12(b)(1) motion to dismiss, the District Court made certain factual findings relevant to the employee threshold. *See Carpet Group Intern. v. Oriental Rug Importers*, 227 F.3d 62, 69 (3d Cir. 2000). It concluded that the Borough secretary was not an employee for purposes of the ADEA because she fell within the statutory exception for "personal staff" of elected officials. *See* 29 U.S.C. § 630(f). Without the Borough secretary as an employee, the Borough had only nineteen employees. Accordingly, the District Court concluded that the Borough did not constitute an employer for purposes of the ADEA and that subject matter jurisdiction was lacking. Carr appealed.

Apparently, the District Court was unaware of our decision in *Nesbit v. Gears*

2

*Unlimited, Inc.*, 347 F.3d 72 (3d Cir. 2003). In that case, this Court analyzed whether Title VII's "fifteen or more" employee requirement was "jurisdictional." We determined that the fifteen employee threshold was not jurisdictional; rather, it is a "substantive element (whether an 'employer' exists) of a Title VII claim." 347 F.3d at 83. Consistent with that holding, we concluded that the District Court "should have resolved the issue under the summary judgment standard." *Id.* at 84.

In light of *Nesbit*, and mindful that Title VII and the ADEA are similar in structure and purpose,[1] we conclude here that the District Court should not have applied a Rule 12(b)(1) standard, which allows a tribunal to inquire into the facts without viewing the evidence in the light most favorable to the nonmoving party. 347 F.3d at 76-77. Instead, the motion should have been treated as one for summary judgment. Accordingly, we will vacate the District Court's judgment and remand for further proceedings consistent with *Nesbit*.

---

[1] *See Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 157 (3d Cir. 1995); *DiBiase v. Smithkline Beecham Corp.*, 48 F.3d 719, 724 n.5 (3d Cir. 1995).